UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

TAQUASHA BROWN,

    Plaintiff,

CASE NO. 9:17-cv-80163-KAM

v.

MONEY MART, INC. a/k/a CHECK MART
OF FLORIDA, INC. d/b/a THE CHECK
CASHING STORE,

    Defendant.
_____/

## MOTION TO DISMISS OR COMPEL ARBITRATION

Defendant, MONEY MART, INC. a/k/a CHECK MART OF FLORIDA, INC. d/b/a THE CHECK CASHING STORE ("MONEY MART"), by and through its attorneys, respectfully moves this Court for entry of an order dismissing Plaintiff's Complaint or otherwise compelling arbitration, striking Plaintiff's jury demand and staying these proceedings pending the outcome of arbitration. In support of this Motion, MONEY MART states as follows:

1. Plaintiff TAQUASHA BROWN opened a loan with MONEY MART and in the course of doing so signed a certain document entitled "Deferred Presentment Agreement," a true and correct copy of which is attached hereto as **Exhibit A**.

2. The Deferred Presentment Agreement contains a certain Arbitration Agreement which is attached and incorporated within it.

3. Pursuant to Paragraph 1 of the Arbitration Agreement, Plaintiff TAQUASHA BROWN expressly agreed to arbitration being the exclusive remedy to resolve, without limitation, the following:

> (a)…all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this arbitration provision…(d) all common-law claims based upon contract,

>fraud or other torts; (e) all claims based upon a violation of any state or federal constitution, statute or regulation…(g) all claims asserted by me individually against Lender….

4.  The facts Plaintiff alleges are supportive of her causes of action all relate to phone calls allegedly received from MONEY MART, attempting to collect the debt she owed in connection with the Deferred Presentment Agreement. Specifically, both of the causes of action Plaintiff asserts in her Complaint (Count I - Violation of the Telephone Consumer Protection Act, and Count II - Violation of the Florida Consumer Collection Practices Act) clearly arise from and directly relate to the contractual relationship between the parties and are, therefore, governed by the Arbitration Agreement.

5.  MONEY MART has not waived its right to arbitration, and the Arbitration Agreement is enforceable under federal law.

6.  Further, pursuant to Paragraph 2 of the Arbitration Agreement, Plaintiff TAQUASHA BROWN waived any right she otherwise had to a jury trial to resolve any dispute alleged against MONEY MART.

7.  The Federal Arbitration Act (FAA) provides that a written agreement in any contract to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision "reflect[s] both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1740, 1745 (2011) (quotation marks and citation omitted). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." Id. (citations omitted). Further, the FAA provides that, when a recalcitrant party refuses to proceed with an arbitration agreement, District Courts "shall make an order directing the parties to proceed to

arbitration *in accordance with the terms of the agreement.*" 9 U.S.C. § 4 (emphasis added).

8.  In the present case, the Arbitration Agreement is clear and unambiguous in its intent to bind the parties to arbitration, in the event a dispute arose between them. Accordingly, and because MONEY MART has not waived its right to arbitrate the matters brought before the court, MONEY MART respectfully requests this Court either dismiss this action or direct the parties to proceed to arbitration in accordance with the terms of the Arbitration Agreement.

9.  In the event this Court elects not to dismiss this action, but rather to compel arbitration, MONEY MART respectfully requests this Court first strike Plaintiff's jury trial demands (Doc. 1, "wherefore" clause following both of the counts) and to stay these proceedings (including discovery) until such time as the arbitration of this matter is complete.

**WHEREFORE**, Defendant MONEY MART, INC. a/k/a CHECK MART OF FLORIDA, INC. d/b/a THE CHECK CASHING STORE, respectfully requests the Court enter an Order, either (1) dismissing Plaintiff's Complaint, with prejudice; or (2) (a) striking Plaintiff's jury demands, (b) staying these proceedings; and (c) compelling arbitration.

Dated this 7th day of March 2017.

                        Respectfully submitted,

                        HENDERSON FRANKLIN STARNES & HOLT, P.A.

                        s/John D. Agnew
                        John D. Agnew
                        Florida Bar No. 0027377
                        P.O. Box 280
                        Ft. Myers, FL 33902-0280
                        239.344.1364 Telephone
                        239.344.1538 Facsimile
                        E-mail: john.agnew@henlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 7, 2017 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Amanda J. Allen, Esq., Lead Attorney at Amanda@TheConsumerProtectionFirm.com and William Peerce Howard, Esq., Lead Attorney at Billy@TheConsumerProtectionFirm.com.

s/John D. Agnew<br>
John D. Agnew